OSBORN
MALEDON

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

he Phoenix Plaza
1st Floor
929 North Central Avenue
hoenix, Arizona 85012-2793

.O. Box 36379
hoenix, Arizona 85067-6379

elephone    602.640.9000
acsimile    602.640.9050

1  John L. Blanchard, 018995
2  Jeffrey B. Molinar, 018512
   OSBORN MALEDON, P.A.
3  2929 North Central Avenue, Suite 2100
   Phoenix, Arizona  85012-2793
4  (602) 640-9000
   jblanchard@omlaw.com
5  jmolinar@omlaw.com

6  Attorneys for Plaintiff

7

8         IN THE UNITED STATES DISTRICT COURT

9           FOR THE DISTRICT OF ARIZONA

10

| Northern Leasing Systems, Inc., a New York corporation, | No._____ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Teledraft, Inc., an Arizona corporation, | |
| Defendant. | |

17      Plaintiff Northern Leasing Systems, Inc. ("Northern Leasing"), for its Complaint

18  against Defendant Teledraft, Inc. ("Teledraft"), alleges as follows:

19                    **JURISDICTIONAL STATEMENT**

20      1.      Northern Leasing is a New York corporation with its principal place of

21  business in New York, New York.

22      2.      Teledraft is an Arizona corporation with its principal place of business in

23  Tempe, Arizona.

24      3.      Northern Leasing and Teledraft are parties to an ACH Processing

25  Agreement, which provides that exclusive jurisdiction for their disputes shall lie in

26  either the state or federal courts of Arizona and that Maricopa County shall be the

27  appropriate venue.  Through the Agreement, Teledraft has expressly consented to the

28  jurisdiction of this Court.

4.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.     This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332.

6.     Both jurisdiction and venue are proper in this Court.

**ALLEGATIONS APPLICABLE TO ALL CLAIMS**

7.     Northern Leasing is an equipment lease finance company that leases credit card-processing equipment to retailers and other merchants throughout the country.

8.     Under the equipment lease finance agreement the lessee enters into with Northern Leasing, the lessee authorizes Northern Leasing to debit its account or the account of the personal guarantor through the use of the Automated Clearing House ("ACH") system, which is an electronic network for financial transactions in the United States, facilitating electronic transfers of funds from personal or business bank accounts.

9.     On or about January 2011, Northern Leasing and Teledraft entered into an ACH Processing Agreement (the "Agreement"), under which Teledraft would provide ACH services to be used to debit accounts as authorized by the equipment lease finance agreement.  A copy of the Agreement is attached hereto as **Exhibit A.**

10.     Subject to fees paid to Teledraft for its services, the Agreement requires Teledraft to collect and disburse to Northern Leasing funds stemming from the transactions processed through its equipment.

11.     Since early 2011, however, Teledraft has wrongfully withheld, and refused to release, over $600,000 in funds collected on Northern Leasing's behalf, without proper justification or explanation.

**COUNT ONE**
**(Breach of Contract)**

12.     Northern Leasing realleges and incorporates by this reference the allegations in Paragraphs 1 through 11 as if fully set forth herein.

4046666v2

13.     Northern Leasing has performed all of its obligations under the Agreement.

14.     By improperly withholding and refusing to release to Northern Leasing over $600,000 in funds to which it is entitled, Teledraft has breached, and continues to breach, the Agreement.

15.     Northern Leasing has been damaged as a result of Teledraft's conduct.

16.     Northern Leasing is entitled to monetary damages for Teledraft's breach in an amount to be proven at trial, but exceeding $600,000, plus pre-judgment and post-judgment interest.

17.     As this cause of action arises out of a contract, Northern Leasing also is entitled to recover its costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

## COUNT TWO
## (Breach of Covenant of Good Faith and Fair Dealing)

18.     Northern Leasing realleges and incorporates by this reference the allegations in Paragraphs 1 through 17 as if fully set forth herein.

19.     The Agreement, like other contracts, includes an implied covenant of good faith and fair dealing, under which Teledraft is prohibited from acting in such a way as to deprive Northern Leasing of the benefits and entitlements of the Agreement.

20.     Teledraft has acted in bad faith and breached the implied covenant of good faith and fair dealing by improperly withholding and refusing to release to Northern Leasing over $600,000 in funds to which it is entitled.

21.     Northern Leasing is entitled to damages for this breach, in an amount to be proven at trial.

22.     As this cause of action arises out of a contract, Northern Leasing also is entitled to recover its costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

4046666v2

**COUNT THREE**
**(Unjust Enrichment)**

23.     Northern Leasing realleges and incorporates by this reference the allegations in Paragraphs 1 through 22 as if fully set forth herein.

24.     By improperly withholding and refusing to release to Northern Leasing over $600,000 in funds to which it is entitled, Teledraft has received a substantial benefit, unjustly enriching itself at Northern Leasing's expense.

25.     Northern Leasing has been, and continues to be, impoverished to the extent of Teledraft's wrongful withholding, and that impoverishment is directly connected to Teledraft's enrichment.

26.     No justification exists for Northern Leasing's impoverishment or Teledraft's enrichment.

27.     It would be unjust to permit Teledraft to retain the benefit of the funds withheld without repayment to Northern Leasing.

WHEREFORE, Northern Leasing respectfully requests that judgment be entered in its favor and against Teledraft as follows:

1.     For compensatory damages in the amount of wrongfully withheld funds;

2.     For pre-judgment and post-judgment interest on such amount at the maximum rate allowed by law;

3.     For Northern Leasing's costs and attorneys' fees incurred in connection with this action pursuant to A.R.S. §§ 12-341 and 12-341.01; and

4.     For such other relief as the Court deems appropriate.

4046666v2

1   DATED this 20th day of February, 2012.

2                                  OSBORN MALEDON, P.A.

3

4

5                          By    s/ John L. Blanchard
                                 John L. Blanchard
6                                Jeffrey B. Molinar
                                 2929 North Central Avenue, Suite 2100
7                                Phoenix, Arizona  85012-2793

8                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4046666v2